<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ENOMEN JOHN OKOGUN,<br><br>                  Plaintiff,<br><br>                  v.<br><br>CAPTAIN KEVIN CREEGAN *et al.*,<br><br>                  Defendants. | Civil Action No. 22-2563 (MAS) (TJB)<br><br>**MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

      This matter comes before the Court on pro se Plaintiff Enomen John Okogun's ("Plaintiff") renewed *in forma pauperis* ("IFP") application to proceed without prepayment of fees under 28 U.S.C. § 1915 (ECF No. 5) and Motion for Reconsideration of the Court's Order denying Plaintiff's prior IFP application (ECF Nos. 3, 4). The Court grants Plaintiff IFP status and denies Plaintiff's Motion for Reconsideration as moot. The Court also now screens Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and *sua sponte* dismisses any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, Plaintiff's Complaint is dismissed without prejudice in its entirety.

**I.    BACKGROUND**

      This suit arises from Plaintiff's interaction with Defendant Captain Kevin Creegan ("Creegan"), Defendant Corporal David Tricoche ("Tricoche"), Defendant Patrolman Ali Ali ("Ali"), and Defendant Sergeant Al Flanders ("Flanders," and collectively, "Defendants"),

members of Princeton University's Department of Public Safety ("DPS"). (Compl. 3, ECF No. 1.) Plaintiff alleges that on May 7, 2020, Defendants approached him and asked him about his wellbeing while he was seated at a picnic table on a "Public-Right-of-Way" on Princeton University's campus. (*Id.* at 3.) During this interaction, Defendants requested Plaintiff's identification, which he refused to provide. (*Id.*) Plaintiff alleges that Defendants stated that Plaintiff violated New Jersey state law by not providing his identification and that Flanders "repeatedly interrupted [the] conversation to conspire with someone else over the phone, on how to punish [Plaintiff's] refusal to show [his identification]." (*Id.*) Plaintiff also explains that in an October 2018 interaction, Creegan attempted to "permanently ban [him] from Princeton University[-]owned properties." (*Id.*) Based on the May 7, 2020, incident, Plaintiff claims that Defendants violated his First, Fourth, and Fourteenth Amendment rights, and further violated the "New Jersey Civil Rights Act vis-a-vis New Jersey Law Against Discrimination (NJLAD)." (*Id.* at 2.)

The instant case ("*Okogun II*") exists alongside a companion case, *Okogun v. Trustees of Princeton University* ("*Okogun I*"). No. 21-18957, 2022 WL 2347168 (D.N.J. June 29, 2022). *Okogun I* contains allegations arising out of interactions between Plaintiff and DPS from 2017 to 2021, including the May 7, 2020, incident detailed in *Okogun II*. (*Okogun I* Compl. 1-100; *see* Compl. 2-3.)[1] *Okogun I* names the Trustees of Princeton University as defendants, while *Okogun II* names only the DPS officers. (*Okogun I* Compl. 1; Compl. 3.)

---

[1] The Court adopts and references the facts set forth in *Okogun I*'s January 2023 Memorandum Opinion. (*Okogun I* Jan. 2023 Mem. Op. 1-3, ECF No. 22.)

2

In June 2022, the Court dismissed the *Okogun I* complaint, finding that Plaintiff failed to comply with Federal Rule of Civil Procedure 8(a)(2)[2] (the "June 2022 Dismissal"). *Okogun I*, 2022 WL 2347168, at *1. The Court granted Plaintiff leave to file an amended complaint that complied with Rule 8. *Id.* at *3. Plaintiff returned to the Court with an 88-page amended complaint, largely realleging the same facts detailed in the June 2022 Dismissal. (*See generally Okogun I* Am. Compl., ECF No. 15.) In the January 2023 Memorandum Opinion, the Court again found that Plaintiff failed to comply with Rule 8(a)(2) and dismissed the amended complaint (the "January 2023 Dismissal"), noting that despite the lesser standard required for pro se plaintiffs, Plaintiff failed to provide facts supporting his claims. (*See Okogun I* Jan. 2023 Dismissal 3, 8, ECF No. 22.) The Court permitted Plaintiff one final opportunity to file an amended complaint that complied with Rule 8. (*Id.* at 8.) Plaintiff returned to the Court with a 160-page second amended complaint. (*See generally Okogun I* Second Am. Compl., ECF No. 24.) The Court again found that Plaintiff failed to comply with Rule 8(a)(2) in its July 2023 Memorandum Opinion dismissing the Second Amended Complaint (the "July 2023 Dismissal"), noting that Plaintiff still failed to sufficiently allege what each claim was and the grounds upon which each claim rested. (*See Okogun I* July 2023 Dismissal 7, ECF No. 35.)

In the instant case, Plaintiff filed his first IFP application (the "First IFP Application") on April 29, 2022, in which he noted that he had $3,000 in "[a]verage monthly income amount during the past 12 months." (First IFP Appl. 1, ECF No. 1-3.) On January 10, 2023, the Court denied Plaintiff's First IFP Application because "he fail[ed] to demonstrate that he [could not] afford the filing fee." (Order on First IFP Appl. 1, ECF No. 3.) Thereafter, Plaintiff filed a renewed IFP application on January 23, 2023, correcting his average monthly income to $250 ("Renewed IFP

---

[2] Hereafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

Application"). (Renewed IFP Appl. 1, ECF No. 5.) On the same day, Plaintiff filed a Motion for Reconsideration of the denial of his First IFP Application. (Mot. for Recons., ECF No. 4; Pl.'s Moving Br., ECF No. 4-1.) Plaintiff states that "he misread the instructions" of the First IFP Application. (Pl.'s Moving Br. 2.) The Court now reviews Plaintiff's Renewed IFP Application.

## II. LEGAL STANDARD

### A. IFP Application

An IFP application "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The Court, accordingly, must carefully review an application and "if convinced that [the applicant] is unable to pay the court costs and filing fees, the [C]ourt will grant leave to proceed [IFP]." *Douris v. Middletown Township*, 293 F. App'x 130, 132 (3d Cir. 2008) (citation omitted). Under 28 U.S.C. § 1915(e)(2)(B), a court must dismiss a case at any time if the court determines that "the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)[] is the same as that for dismissing a complaint pursuant to [Rule] 12(b)(6)." *Conner v. Reed*, No. 21-14193, 2020 WL 138100, at *1 (D.N.J. Jan. 4, 2022) (quoting *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)). In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff but need not accept as true legal conclusions couched as factual allegations. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss but must

contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557).

### B. Motion for Reconsideration

"The purpose of a motion for reconsideration is to correct a manifest error of law or fact or to present newly discovered evidence." *Sync Labs LLC v. Fusion-Manufacturing*, No. 11-3671, 2013 WL 1163486, at *1 (D.N.J. Mar. 19, 2013) (quoting *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)). "The moving party must show at least one of the following: (1) an intervening change in the controlling law; (2) new evidence becomes available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* (citation omitted). If the moving party argues that an error was made, the motion may only be granted if "'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Buffa v. N.J. State Dep't of the Judiciary*, 56 F. App'x 571, 575 (3d Cir.

2003) (quoting *Resorts Int'l, Inc.* v. *Greate Bay Hotel & Casino*, 830 F. Supp. 826, 831 (D.N.J. 1992)).

### III. DISCUSSION

In support of his Renewed IFP Application, Plaintiff submitted a statement of all his assets, income, and expenses. (*See generally* Renewed IFP Appl.) The Renewed IFP Application is complete and indicates that Plaintiff's total monthly income and monthly expenses are each $250. (*Id.* at 2-5.) Plaintiff has no other sources of income or assets. (*Id.* at 1-3.) This is a correction from the First IFP Application where Plaintiff indicated an average monthly income of $3,000. (First IFP Appl. 2.) Plaintiff additionally states that he routinely receives monetary gifts from religious organizations and strangers while friends pay for his phone and mailbox. (Renewed IFP Appl. 5.) The Court, accordingly, finds that Plaintiff has established indigence and grants the Renewed IFP Application.[3]

Having granted Plaintiff IFP status, pursuant to the statute, the Court screens the Complaint to determine whether any claim should be dismissed (1) as frivolous or malicious, (2) for failure to state a claim upon which relief may by granted, or (3) because it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). As Plaintiff is proceeding pro se, the Court must construe the pleadings liberally and in Plaintiff's favor. *See e.g.*, *Higgs v. Att'y Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Capogrosso v. The Sup. Ct. of N.J.*, 588 F.3d 180, 184 n.1 (3d Cir. 2009) ("[W]e remain mindful of our obligation to construe a *pro se* litigant's pleadings liberally."). That said, while pro

---

[3] Because the Court finds that Plaintiff is indigent and grants the Renewed IFP Application, the Court denies Plaintiff's Motion for Reconsideration as moot.

se pleadings are to be broadly construed, pro se litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Construing the Complaint liberally, Plaintiff appears to raise federal claims under 18 U.S.C. §§ 1983, 1985, and a state law claim for civil rights violation and/or discrimination under N.J. Stat. Ann. § 10:5. Upon review of the Complaint, the alleged facts do not connect in any meaningful way to the federal claims or the state law claim. Instead, the allegations merely recount the May 7, 2020, incident that is also alleged in *Okogun I*. (*See* Compl. 3; *Okogun I* Jan. 2023 Dismissal 6-8.) As noted in the *Okogun I* January 2023 Dismissal, Plaintiff was "asked to comply with [Princeton] University rules applicable to all non-members of the [Princeton] University community." (*Okogun I* Jan. 2023 Dismissal 7.) Here, similar to *Okogun I*, the Court "cannot draw from the alleged facts any deprivation of [Plaintiff's] legally protected rights." (*Id.*) In the Complaint, Plaintiff also alleges facts regarding an October 2018 interaction with Creegan, where Creegan allegedly sought to "permanently ban [Plaintiff] from Princeton University[-]owned properties." (Compl. 3.) Plaintiff, however, provides no further information. (*See generally* Compl.) Although the Court construes the factual allegations in a light most favorable to Plaintiff, it is not required to recognize factually unsupported allegations. *See Iqbal*, 556 U.S. at 678 (citation omitted). The Court, therefore, dismisses the Complaint.

The Court will permit Plaintiff another opportunity to file an amended complaint that complies with Rule 8. Such pleading should contain a short and plain statement limited to the necessary facts and must explain which specific facts support each cause of action. The Court highlights the procedural guide in footnote three of the *Okogun I* June 2022 Dismissal, which Plaintiff may find helpful as a pro se litigant. *See Okogun*, 2022 WL 2347168, at *3 n.3.

IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court grants Plaintiff's Renewed IFP Application and denies Plaintiff's Motion for Reconsideration as moot. The Court *sua sponte* dismisses the Complaint. The Court will issue an order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp<br>
<b>MICHAEL A. SHIPP</b><br>
<b>UNITED STATES DISTRICT JUDGE</b>